IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Civil Action No. 4:25-cv-5013 |
| MORRIS BART, LLC AND | § | |
| MORRIS BART, III | § | Adversary Proc. 24-3127 |

# EMERGENCY MOTION FOR STAY PENDING APPEAL

4076229v1

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION .............................................................................................................. 1

STATEMENT OF STAGE AND NATURE OF PROCEEDING ................................. 2

LAW AND ARGUMENT ................................................................................................. 6

    A.  The Motion to Stay is Proper Before this Court. ................................................. 6

    B.  The Requirements for a Stay Pending Appeal are Satisfied. ............................ 7

        1.  *Appellants are likely to succeed on the merits of this appeal.* ..................... 7

        2.  *There is a likelihood of irreparable harm if a stay is not granted.* ............ 12

        3.  *MMA will not be harmed by this Court's grant of the requested stay.* ....... 12

        4.  *A stay serves the public interest.* ............................................................... 13

CONCLUSION ................................................................................................................ 13

CERTIFICATE OF SERVICE ........................................................................................ 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Avantal, S.A.*,
   343 F.3d 311 (5th Cir. 2003)..................................................................................8

*Boudreaux v. CJR Framing*,
   744 Fed. Appx. 208 (5th Cir. 2018) ......................................................................8

*In re Dernick*,
   No. 18-32417, 2019 WL 236999 (Bank. S.D. Tex. Jan. 16, 2019).......................8

*Hunt v. Bankers Tr. Co.*,
   799 F.2d 1060 (5th Cir. 1986)...............................................................................7

*Miller v. Gorski Wladyslaw Estate*,
   No. 04-1250, 2007 WL 9734153 (W.D. La. Feb. 19, 2007) ..........................9, 10

*Plaquemines Par. v. Chevron USA, Inc.*,
   84 F.4th 362 (5th Cir. 2023) ..................................................................................7

*Ruiz v. Estelle*,
   650 F.2d 555 (5th Cir. 1981)..................................................................................8

*Sherry Foskey, et al. v. American Modern Property And Casualty
   Insurance Company*,
   Civ. Action No. 23-5316 (E.D. La.) ............................................................*passim*

*Thrasher v. Metropolitan Property and Cas. Ins. Co.*,
   No. 06-2317, 2007 WL 4553605 (W.D. La. Dec. 18, 2007)................................9

*In re TMT Procurement Corp.*,
   No. 13-33741, 2014 WL 1577475 (Bankr. S.D. Tex. Apr. 16,
   2014) .....................................................................................................................7

**Statutes**

11 U.S.C. § 105(a) .......................................................................................................2

LA. REV. STAT. § 9:4112 ..........................................................................................8, 9

Case 4:25-cv-05013   Document 4   Filed on 11/07/25 in TXSD   Page 4 of 19

TEX. CIV. PRAC. & REM. CODE § 154.073 ................................................................. 11

**Other Authorities**

FED. R. BANKR. P. 8007 ........................................................................................... 1, 6

FED. R. BANKR. P. 8008 ........................................................................................... 5, 6

FED. R. EVID. 501 ........................................................................................................ 8

Local Rule 16.4(H) of the United States District Court for the
   Southern District of Texas ................................................................................... 11

Local Rule 16.3.1 of the United States District Court for the Eastern
   District of Louisiana .................................................................................... 10, 12

Local Rule 83.2.7 of the United States District Court for the Eastern
   District of Louisiana ........................................................................................... 12

Local Rule 16.3.1 of the United States District Court for the Middle
   District of Louisiana ........................................................................................... 10

Local Rule 16.3.1 of the United States District Court for the Western
   District of Louisiana ........................................................................................... 10

TO THE HONORABLE U.S. DISTRICT JUDGE OF SAID COURT:

COMES NOW, MORRIS BART, LLC ("Morris Bart") and MORRIS BART, III ("Mr. Bart") (collectively, "Appellants") and file this Emergency Motion for Stay Pending Appeal pursuant to Federal Rule of Bankruptcy 8007(b)(2)(A) and respectfully shows as follows:

## INTRODUCTION

Appellants filed this Notice of Appeal on October 15, 2025 seeking an appeal of the Bankruptcy Court's Show Cause Orders demanding that Morris Bart, Morris Bart III, and Morris Bart's corporate representative appear in person and provide privileged mediation communications protected both by Louisiana statute and the United States District Court for the Eastern District of Louisiana's local rules. In furtherance of the relief requested on appeal, Appellants now seek an Order staying enforcement of the Bankruptcy Court's Show Cause Orders and all discovery directing Appellants to testify about and/or produce privileged mediation information until this Court has had an opportunity to consider and rule on the Appeal. Appellants move for relief from this Court because (i) seeking relief in the bankruptcy court first would be impracticable, (ii) Appellants have a strong likelihood of success on the merits, (iii) Appellants will be irreparably harmed if a

1

stay is not granted, (iv) the respondent MMA Law Firm, PLLC ("MMA") will not be substantially harmed by a stay, and (v) a stay will serve the public interest.

## STATEMENT OF STAGE AND NATURE OF PROCEEDING

This appeal arises out of discovery sought by MMA and orders issued by the Bankruptcy Court in Adversary Proceeding No. 24-3127 that relate to information protected from disclosure by the mediation privilege. MMA sought (and continues to seek) relief from the Bankruptcy Court based on MMA's belief that the Morris Bart or its representatives took certain actions in the matter pending in the Eastern District of Louisiana, No. 23-5316, *Sherry Foskey, et al. v. American Modern Property And Casualty Insurance Company* (the "*Foskey* Case"), that allegedly violate the Bankruptcy Court's Preliminary Injunction.[1]

In response to MMA's allegations regarding Morris Bart,[2] on October 3, 2025, the Bankruptcy Court entered a Show Cause Order directing Morris Bart, Morris Bart III, and corporate representatives of Morris Bart to:

> appear in person . . . and show cause why they should not be held in contempt or otherwise sanctioned for violating this Court's Injunction Order entered on July 15, 2024 relating to the *Ex Parte* Order issued by Magistrate Judge North (the "*Foskey* Order") in the *Civil Action No. 23-5316*, Shery Foskey, et al. v. American Modern Property And Casualty Insurance Company (the "*Foskey Case*") and sanctioned . . .[3]

---

[1] *See* Morris Bart's appeal of the Bankruptcy Court's Preliminary Injunction is separately on appeal before this Court in Civil Action No. 4:24-cv-2793.

[2] *See* Exhibit 1, Adv. Proc. No. 24-3127, R. Doc. 130 (MMA Law Firm PLLC's Motion For An Order To Show Cause Morris Bart, LLC And Additional Relief Under 11 U.S.C. § 105(a) To Halt Morris Bart's Repeated Forum Shopping And Abuse of Process).

[3] *See* Exhibit 2, Adv. Proc. No. 24-3127, R. Doc. 132 (Order Setting In-Person Hearing), at ¶ 2.

2

The Show Cause Order further provided:

> No later than **Friday, October 17, 2025** Morris Bart, LLC and Mr. Morris Bart, III must file a Notice with the Clerk of Court identifying by name, with contact information all attorney's employed by or acting on behalf of Morris Bart, LLC who were present for the mediation of the *Foskey* case before Magistrate Judge North, or who participated in, facilitated, or had any communications, meetings, or other involvement with Magistrate Judge North, his chambers, or his staff in connection with the mediation of the *Foskey* case or the entry of the *Ex Parte* Foskey Order.[4]

On October 3, 2025, MMA filed its Second Set of Interrogatories on Morris Bart, asking Morris Bart to:

> Describe in detail all devices, phone numbers, accounts, communication platforms, and service providers used by You, including any employees, attorneys, representatives, or agents acting on Your behalf — including but not limited to Mr. Morris Bart III, Austin Marks, any other attorney or staff employed by the Morris Bart law firm, and any outside counsel, including Your Bankruptcy Counsel — to communicate with United States Magistrate Judge Michael North, his chambers, or any court staff regarding the Foskey Order, the Foskey case, MMA, Mr. Moseley, or the Bankruptcy Case.[5]

On October 17, 2025, Morris Bart served its objections to the Second Set of Interrogatories on MMA, again invoking the mediation privilege and asserting other objections.[6]

---

[4] *See id.* at ¶ 3.
[5] *See* Exhibit 5, MMA's Second Set of Interrogatories to Morris Bart.
[6] *See* Exhibit 6, Morris Bart's Objections and Responses to MMA's Second Set of Interrogatories.

3

On October 7, 2025, the Bankruptcy Court issued an order resetting the show cause hearing for January 14, 2026, at 1:30 p.m. in Courtroom 8B, at the U.S. Courthouse in Houston, Texas.[7] (The October 3, 2025 Show Cause Order and the October 7, 2025 Order resetting the hearing are collectively referred to as the "Show Cause Orders").

On October 14, 2025, MMA filed an Emergency Motion to Compel Production from Morris Bart, LLC, wherein MMA seeks to compel production of "all communications" "relating or referencing MMA or Mr. Moseley" made to any "Louisiana court, judge, or court staff," and further requests specific details concerning communications made to United States Magistrate Judge Michael North ("Judge North") during the mediation of the *Foskey* Case.[8] The hearing on MMA's Emergency Motion to Compel Production is set for November 14, 2025 before the Bankruptcy Court.[9] Counsel for MMA also recently notified counsel for Morris Bart that MMA also intends to file a separate motion to compel the privileged communications requested in MMA's Second Set of Interrogatories.[10]

On October 15, 2025, Morris Bart filed a timely Notice of Appeal from the Show Cause Orders, seeking to vacate the Orders based on violation of the mediation

---

[7] *See* Exhibit 3, Adv. Proc. No. 24-3127, R. Doc. 135 (Order Setting In-Person Hearing).
[8] *See* Exhibit 4, Adv. Proc. No. 24-3127, R. Doc. 138 (Emergency Motion to Compel Production from Morris Bart, LLC).
[9] *See* Exhibit 7, Adv. Proc. No. 24-3127, R. Doc. 142 (Order Setting Electronic Hearing).
[10] Exhibit 9, November 3, 2025 Email from Counsel for Morris Bart notifying Counsel of MMA's Intent to File Motion to Compel.

4

privilege that governs the mediation in the *Foskey* Case and protects against disclosure of the information sought by MMA.[11] On October 17, 2025, Morris Bart filed an Amended Notice of Appeal, adding non-party Morris Bart, III, as an appellant.[12]

On October 16, 2025, the Bankruptcy Court issued an "Order Pursuant to Bankruptcy Rule 8008(a) *Regarding ECF Nos. 130, 132, 135, and 140.*" (the "Indicative Ruling"). The Bankruptcy Court found that, because of Morris Bart's appeal, the Bankruptcy Court lacked jurisdiction but indicated pursuant to Bankruptcy Rule 8008(a) that "If the District Court were to remand this case, this Court would issue an amended order . . . . permit[ting] Morris Bart, LLC's corporate representative and Mr. Morris Bart, III and their counsel to appear remotely through this Court's well established electronic and telephonic platforms."[13]

For the reasons that follow, Appellants ask that this Court stay enforcement of the Bankruptcy Court's Show Cause Orders and further order that all discovery in Adversary Proceeding 24-3127 seeking mediation-related communications likewise be stayed pending the outcome of this appeal.

---

[11] R. Doc. 1-1.
[12] *See* Adv. Proc. 24-3127, R. Doc. 144.
[13] *See* Exhibit 8, Adv. Proc. 24-3127, R. Doc. 143 (Indicative Ruling), at 2-3 (footnotes and citations omitted).

5

## LAW AND ARGUMENT

### A. The Motion to Stay is Proper Before this Court.

Bankruptcy Rule 8007(a)(1), provides that "[o]rdinarily, a party must move first in the bankruptcy court for . . . a stay of the bankruptcy court's judgment, order, or decree pending appeal[.]" *See* FED. R. BANKR. P. 8007(a)(1). Subsection (b) further provides, however, that the motion may be filed directly with the appellate court if it (1) shows why moving first in the bankruptcy court would be impracticable and (2) includes "(A) the reasons for granting the relief requested and the facts relied on; (B) affidavits or other sworn statements supporting facts subject to dispute; and (C) relevant parts of the record." *See id.* at FED. R. BANKR. P. 8007(b).

First, moving for a stay first in the Bankruptcy Court is, in fact, impracticable in this case.[14] The Bankruptcy Court's October 16, 2025 Indicative Order purports to recognize the Bankruptcy Court's lack of jurisdiction, but indicated pursuant to Federal Bankruptcy Rule 8008 that the Court would **modify its Order as to the requirement that Morris Bart, III appear in person *but not as to* the production of privileged communications**. In other words, the Bankruptcy Court intends to hold a hearing on January 14, 2026 and to compel Appellants to participate and to produce privileged communications. Likewise, the Bankruptcy Court is still scheduled to hold a hearing on November 14, 2025 on MMA's Motion to Compel, wherein it seeks to compel

---

[14] FED. R. BANKR. P. 8007(b)(2)(A).

6

production of the same communications at-issue in the Bankruptcy Court's Show Cause Orders. These hearings are in also in addition to the other discovery and subpoenas issued by MMA separately seeking these same mediation communications.

Appellants remain under ongoing threat of choosing to comply with the Bankruptcy Court's Show Cause and other, potential discovery orders—which would violate Louisiana law and Louisiana courts' local rules—or risk being found in contempt by the Bankruptcy Court. In such a case, an order directly from this Court staying the proceedings seeking this privileged information is both appropriate and necessary.

### B. The Requirements for a Stay Pending Appeal are Satisfied.

"The party who seeks a stay must show: (1) the likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to the other parties from granting the stay, and (4) service to the public interest from granting the stay." *Hunt v. Bankers Tr. Co.*, 799 F.2d 1060, 1067 (5th Cir. 1986). "The movant need not prevail on all four factors." *In re TMT Procurement Corp.*, No. 13-33741, 2014 WL 1577475, at *2 (Bankr. S.D. Tex. Apr. 16, 2014) (*citing Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-39 (5th Cir. 2001)).

*1. Appellants are likely to succeed on the merits of this appeal.*

To satisfy the first factor – likelihood of success on the merits – Appellants must show a probability of success on the merits. *See Plaquemines Par. v. Chevron*

*USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023). To satisfy this factor, "… the Fifth Circuit has held that a movant must …present a prima facie case but need not show that he is certain to win…" *In re Dernick*, No. 18-32417, 2019 WL 236999, at *2 (Bank. S.D. Tex. Jan. 16, 2019). Alternatively, the Fifth Circuit has held that a less stringent standard applies if the movant presents "a substantial case on the merits when a serious legal question is involved and show[s] that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).

Appellants present a serious legal question regarding the mediation privilege, for which the balance of equities favor granting a stay, and also has a likelihood of success on the merits. In a civil action such as the underlying Adversary Proceeding, where state law supplies the rule of decision, privileges are to be determined in accordance with state law. FED. R. EVID. 501; *Boudreaux v. CJR Framing*, 744 Fed. Appx. 208, 209 (5th Cir. 2018); *In re Avantal, S.A.*, 343 F.3d 311, 318 n. 6 (5th Cir. 2003). Louisiana law regarding the mediation privilege provides:

> All oral and written communications and records made during mediation, whether or not conducted under this Chapter and **whether before or after the institution of formal juridical proceedings**, are **not subject to disclosure**, and may not be used as evidence in any judicial or administrative proceeding. . . The **parties, counsel, and other participants therein shall not be required to testify concerning the mediation proceedings and are not subject to process or subpoena, issued in any judicial or administrative**

8

> **procedure**, which requires the **disclosure of any communications or records of the mediation** [ . . . ].

LA. REV. STAT. § 9:4112 (A) and (B)(1) (emphasis added). Although the statute sets forth certain exceptions to the privilege, none of those exceptions apply here. Morris Bart and his attorneys have the right to ask this court to prevent disclosure of communications or materials subject to the mediation privilege. LA. REV. STAT. § 9:4112 (D).

The express terms of the Louisiana statute provide a broad privilege against discovery and use of mediation communications as evidence in any judicial proceeding. It is the policy of the State of Louisiana to encourage the peaceable resolution of disputes, including the settlement of pending litigation through mediation. Mediation encourages candid disclosures, and indeed, depends on them. For these reasons, the privilege is applied strictly. *See Thrasher v. Metropolitan Property and Cas. Ins. Co.,* No. 06-2317, 2007 WL 4553605 *2 (W.D. La. Dec. 18, 2007) (rejecting argument by party seeking discovery that it did not expect to present the communications as evidence). The phrase "made during mediation" is not limited to communications made in a face-to-face meeting. *Miller v. Gorski Wladyslaw Estate*, No. 04-1250, 2007 WL 9734153 *3 (W.D. La. Feb. 19, 2007). "Since the Louisiana Mediation Act defines 'mediation' as a procedure whereby a 'mediator' facilitates communication between the parties, it is reasonable to construe

9

the term 'made during mediation' to mean communications through, with or in front of a mediator, or, perhaps, communications between the parties directly, but made at the mediator's urging or direction." *Id.* As the *Miller* court further noted,

> It is not unusual for negotiations to continue after a mediation session with a mediator has concluded if no settlement is reached. Sometimes these negotiations continue with the mediator and sometimes the negotiations occur between the parties without involving the mediator. This court is well aware that mediation is a "process" and not a formal proceeding. **As long as communication between the parties involves the mediator, then that communication can be truly said to be "during the mediation[,"] even if the face-to-face mediation has ended**.

*Id.* (emphasis added). The *Miller* court enforced the mediation privilege in spite of the discovering party's argument that the information and communications they sought related to the court's determination of the meaning and enforceability of the settlement agreement. *Id.*

In addition to the statute, the local rules of the district courts in Louisiana similarly recognize that alternative dispute resolution proceedings, including mediations, are confidential. Local Rule, E.D. La. 16.3.1 ("All alternative dispute resolution proceedings are confidential."); Local Rule, W.D. La. 16.3.1 (accord); Local Rule, M.D. La. 16(b) (accord).

Notably, the policy underlying Louisiana's statute and Louisiana courts' local rules governing the privileged and confidential nature of mediation communications

10

is not unique to Louisiana. Indeed, Texas Civil Practice & Remedies Code § 154.073 provides that a communication "made by a participant in an alternative dispute resolution procedure, whether before or after the institution of formal judicial proceedings, is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding," and that "the participants or the third party facilitating the procedure may not be required to testify in any proceedings relating to or arising out of the matter in dispute or be subject to process requiring disclosure of confidential information or data relating to or arising out of the matter in dispute." Local Rule 16.4(H) of the Southern District of Texas likewise provides that "All communications made during ADR proceedings (other than communications concerning scheduling, a final agreement, or ADR provider fees) are confidential, are protected from disclosure, and may not be disclosed to anyone, *including the Court*, by the provider or the parties." (emphasis added).

MMA's discovery and the Bankruptcy Court's Show Cause Orders explicitly demand disclosure of information made privileged and confidential by Louisiana State statute and court local rules. This information is privileged, confidential, and non-discoverable. The equities favor a stay of the underlying proceedings pending this Court's resolution of the appeal.

11

*2. There is a likelihood of irreparable harm if a stay is not granted.*

By ordering Appellants to appear and show cause why they should not be held in contempt or sanctioned for violating the Bankruptcy Court's Preliminary Injunction related to the *Foskey* Order, the Bankruptcy Judge has in effect ordered Appellants to testify and provide evidence of privileged communications in the *Foskey* mediation. If Appellants disclose privileged communications, it will be violating Louisiana law, Rule 16.3.1 of Local Rules for the Eastern District of Louisiana, and subject to sanctions for violating that rule under Rule 83.2.7 of The Local Rules for the Eastern District of Louisiana. Alternatively, if Appellants fail to comply with the Bankruptcy Court's Orders, they risk being found in contempt. The imminent risk of irreparable harm thus warrants this Court's grant of a stay.

*3. MMA will not be harmed by this Court's grant of the requested stay.*

MMA will not sustain substantial harm as a result of a stay. The communications in the Foskey mediation occurred in late 2024, almost a year ago. Moreover, the Foskey-related communications have no relevance to MMA's claims or Morris Bart's defenses. There will be no harm to MMA if this Court stays the Bankruptcy Court's Show Cause Orders while this Court determines the merits of the appeal.

*4. A stay serves the public interest.*

The public interest favors protection of privileged communications and will not be impeded by a stay limited to the issue of the scope and applicability of the mediation privilege. Indeed, the protection of the ethical obligations of officers of the court, as well as the preservation of the mediation privileges recognized under Louisiana and Texas law and by the Local Rules of both Louisiana and Texas federal courts, is clearly in the public interest and in furtherance of policy important to both this state and Louisiana.

## **CONCLUSION**

Wherefore, for the foregoing reasons, Appellants respectfully request that the Court grant this Motion for Stay Pending Appeal of the issue of mediation privilege and issue an Order staying (1) the Bankruptcy Court's Show Cause Orders (Adv. Proc. No. 24-3127, R. Docs. 132, 135) and all Discovery in Adversary Proceeding No. 24-3127 seeking production of communications occurring during or in relation to a mediation, including in relation to the mediation in the matter *Sherry Foskey, et al. v. American Modern Property And Casualty Insurance Company*, Civ. Action No. 23-5316 (E.D. La.). Appellants further request any and all relief the Court deems just.

*[signatures follow]*

Respectfully submitted,

**THE PROBUS LAW FIRM**

By: */s/ Matthew B. Probus*
**Matthew B. Probus**
Attorney in Charge
State Bar No. 16341200
Fed. I.D. No. 10915
matthewprobus@theprobuslawfirm.com

10497 Town & Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)

-and-

**FISHMAN HAYGOOD, L.L.P.**

*/s/ Tristan Manthey*
Tristan Manthey
Tex. Bar No. 24042731
Cherie Dessaur Nobles, *pro hac vice*
Rebekka C. Veith, *pro hac vice*
Monica L. Bergeron, *pro hac vice*
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
(504) 586-5252 (Telephone)
(504) 586-2520 (Facsimile)
tmanthey@fishmanhaygood.com
cnobles@fishmanhaygood.com
rveith@fishmanhaygood.com
mbergeron@fishmanhaygood.com

*COUNSEL FOR APPELLANTS*
*MORRIS BART, LLC and MORRIS BART, III*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 7, 2025, a true and correct copy of the foregoing has been served on counsel for MMA by email.

                                      */s/ Tristan Manthey*
                                      Tristan Manthey